[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Austin Taylor appeals the decision of the defendant board of firearms permit examiners revoking his permit to carry a pistol or revolver. The board acted pursuant to General Statutes § 29-32b. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant board.
The essential facts are not in dispute. On April 16, 1989, the plaintiff was issued a state permit to carry a handgun. On April 5, 1991, the plaintiff was convicted by guilty plea of six counts of misdemeanor possession of marijuana in violation of General Statutes § 21a-279 (c). As a result of those convictions, the state police commenced proceedings to revoke the plaintiff's gun permit, but they dropped those proceedings and the plaintiff retained the permit. The plaintiff has not been convicted of any other crime.
In April 1994, the plaintiff obtained a five year renewal of the his gun permit pursuant to § 29-30.
In July 1994, the legislature enacted Public Act 94-1, which became effective October 1, 1994. The Act contains numerous new provisions concerning the sale, transfer and possession of handguns and other weapons. Significant provisions applicable to this appeal are summarized below.
Section 3
This section provides that "a person is guilty of criminal possession of a pistol or revolver when he possesses a pistol or revolver . . . and . . . has been convicted . . . of a violation of subsection (c) of section 21a-279 . . . ." Criminal possession of a handgun under this section is a Class D felony.
Section 4
This section amends § 29-28 (b) so that it provides, in relevant part, "No permit to carry a pistol or revolver shall be issued under this subsection if the applicant . . . (2) has been CT Page 7063 convicted . . . of a violation of subsection (c) of section 21a-279 . . . ."
Section 6
This section amends § 29-32 so that it provides, in relevant part, "Any permit for the carrying of any pistol or revolver may be revoked by the authority issuing the same for cause and shall be revoked by the authority issuing the same upon conviction of the holder of such permit of (a violation of §21a-279 (c))."
On February 15, 1995, the defendant commissioner of public safety notified the plaintiff that his gun permit was revoked in accordance with the provisions of the Act and based upon his prior conviction of a violation § 21a-279 (c). The plaintiff appealed to the defendant board. Following a hearing, the board affirmed the commissioner's decision, holding that the plaintiff is "not a suitable person" to hold a permit under the new provisions of the statutes; that is, the provisions of the 1994 Act.
Although the board's decision is expressed in terms of "suitability," the parties agree that the real issue presented by this appeal is the applicability of the provisions of the Act to the plaintiff's situation. In this regard, the court notes that the defendant commissioner had, prior to the enactment of the Act, essentially determined that the plaintiff was not "unsuitable" to hold a permit merely because of the marijuana convictions.
On appeal, the plaintiff advances the argument that the revocation of his license was based upon a retroactive application of the Act affecting his substantive right to bear arms in contravention of General Statutes § 55-3 and the expressed intent of the legislature. The plaintiff contends that the legislature intended to grandfather the existing permits of individuals who had been convicted prior to the effective date of the Act. The plaintiff points to the phrase "upon conviction of" in section 6 of the Act as indicating that the legislature intended only future convictions, not past convictions, as grounds for revocation.
"The rules of statutory construction that govern the applicability of new legislation to preexisting transactions are CT Page 7064 well established. Our point of departure is General Statutes § 55-3, which states `No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have retrospective effect.' The `obligations' referred to in the statute are those of substantive law. . . . Thus we have uniformly interpreted § 55-3 as a rule of presumed legislative intent that statutes affecting substantive rights shall apply prospectively only . . . . The legislature only rebuts this presumption when it clearly and unequivocally expresses its intent that the legislation shall apply retrospectively." (Citations omitted.) Rice v. Vermilyn Brown,Inc., 232 Conn. 780, 786 (1995).
Although the Act does not operate retrospectively to criminalize possession of a handgun, prior to its effective date, by a person who had been convicted of violating § 21a-279
(c), the board's interpretation of the Act does give it a retroactive effect in this case. The plaintiff's gun permit was renewed in 1994, after his conviction, indicating that he was not legally "unsuitable" at that time. Now, without any change in the plaintiff's circumstances, the board deems him to be unsuitable, based on new standards incorporated for the first time in the Act. The board's interpretation of the Act thus affects the plaintiff's previously acquired substantive right to carry a handgun. In accordance with the principles summarized above, therefore, this court must find that the legislature clearly and unequivocally intended the Act to have that effect or it must reverse the board's decision.
Both parties cite excerpts from discussions of the provisions of the Act by members of the legislature prior to its passage. Such legislative history may shed light on the legislature's intent, but it must be approached with "caution and circumspection . . . . and may not be a safe guide to views of the lawmaking body." Robinson v. Unemployment Security Board ofReview, 181 Conn. 1, 9 (1980)
In the present case, caution and circumspection seem particularly appropriate. None of the discussions by the legislators center on the precise point at issue here. There are many comments to the effect that a prior criminal history should be the basis for automatic disqualification to have a gun permit. There is nothing to indicate an intent to "grandfather" the retention of a permit by someone who was convicted of a crime CT Page 7065 that would make him or her now ineligible to be issued a permit.
Although the legislative history of the Act does not aid in determining whether the legislature intended it to apply to current permit holders with past records of convictions, the provisions of the Act itself are compelling indicia of such intent. First, as the defendant board points out in its brief, if the plaintiff applied for a permit after the effective date of the Act, he would be disqualified under section 4 because of his prior conviction. Second, if the plaintiff were convicted of a specified crime after the effective date of the Act, section 6 would require that his current permit be revoked. Finally, section 3 unequivocally provides that the plaintiff's prior conviction of a specified crime makes his current possession of a handgun a felony.
In the court's view, these three provisions work together to require the revocation of a person's current permit if that person was previously convicted of one of the specified crimes. To interpret the Act otherwise would create a chaotic and unequal administration of the gun permit laws, allowing some who were convicted of crimes to retain their permits, while denying that right to others who were convicted at a later date of the very same crimes. It would allow the retention of permits issued pursuant to one statute while criminalizing the possession of the guns under another statute. The legislature cannot be presumed to have intended such an irrational and unworkable result.
"Although the construction and interpretation of a statute is a question of law for the courts to decide . . . it is a well established practice of (the) court to accord great deference to the construction given (a) statute by the agency charged with its enforcement." Starr v. Commissioner of Environmental Protection,226 Conn. 358, 372 (1993). It is undisputed that the board is responsible for enforcing the statutes in question. This court is required, therefore, to accord great deference to the interpretation of those statutes and regulations given by the board. This does not mean that the court must abdicate its adjudicative function in interpreting the law, but it does mean that where there are different but equally plausible interpretations of a statute or regulation, the court must give due deference to that followed by the administrative agency concerned. Starr v. Commissioner, supra 376. In the present case, for the reasons stated above, the court finds the interpretation given by the board to the provisions of the Act to be completely CT Page 7066 reasonable. In summary, General Statutes § 29-32, as amended by the Act, requires the revocation of a current gun permit held by a person who was convicted of a designated crime prior to the effective date of the Act.
The plaintiff's appeal is dismissed.
MALONEY, J.